IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 1:08mj88 |
| ) | |
| WEISS RASOOL,   ) | |
| ) | |
| Defendant.   ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in the Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. The defendant, formerly "Mohammad Weiss Rasool," is a 30 year-old native of Afghanistan who immigrated to the United States in 1983 and became a naturalized United States citizen in 1996.

2. Since in and around July 2000, the defendant has been employed as a police officer with the Fairfax County Police Department. In and around February 2007, the defendant was promoted to the rank of Sergeant.

3. On or about June 10, 2005, while employed with Fairfax County Police Department, the defendant used the Fairfax County Police Department Computer Assisted Dispatch System (CADS) to access the Virginia Criminal Information Network (VCIN) and the National Crime Information Center (NCIC) to obtain information on three separate vehicles by checking their license plate numbers. The defendant accessed information on the three license plate numbers at

4:01 p.m., 4:02 p.m., and 4:03 p.m. The defendant learned that all three vehicle license plates were registered to a leasing company. The defendant through his experience had a basis to believe that the leasing company was used for federal law enforcement vehicles.

4. At 4:04 p.m. on or about June 10, 2005, the defendant called an individual, known to the government, and subsequently convicted of felony offenses in Eastern District of Virginia, and advised him that all three vehicles did not come back to an individual person but rather to a company. The phone call made clear that the defendant and the individual had spoken on a prior occasion about the individual's request for information on the vehicles. When the defendant provided the information to the individual, the defendant was not conducting a police investigation or other official business.[1]

5. The information accessed through NCIC is maintained by the Federal Bureau of Investigation (FBI) which is the federal agency authorized to acquire, collect, classify and preserve identification, criminal identification, crime, and other records and to exchange such information with authorized entities. The defendant knew, through his police training and experience, that in running a query on a license plate number he would access NCIC information.

6. From in and around 2005 through in and around 2006, the defendant, without having a legitimate law enforcement purpose to do so, checked his name, and others' in the NCIC computer system more than 15 times. The defendant did this in an attempt to determine if he or others were registered with the Violent Crime and Terrorist Offender File, which is a category of records maintained within the NCIC system.

---

[1] This information was obtained from electronic surveillance approved by the Foreign Intelligence Surveillance Court. Title 50, U.S.C. A., Section 1806(c).

2

7. All records in NCIC are protected from unauthorized access through appropriate administrative, physical, and technical safeguards. These safeguards include restrictions on the disclosure of data to those with a need to perform their official duties. The defendant knew that the information obtained through this system was to be used for criminal justice purposes only.

8. The acts taken by the defendant, in furtherance of the offenses charged in this case, including the acts described above, were done willfully, deliberately, knowingly and were not committed by mistake, accident, or other innocent reason. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that he is obligated under his plea agreement to provide additional information about this case beyond that which is described in this statement of facts.

                                              Respectfully submitted,

                                              Chuck Rosenberg
                                              United States Attorney

By: *[signature]*
       Jeanine Linehan
       Assistant United States Attorney


After consulting with my attorneys and pursuant to the plea agreement entered into this day between the defendant, Weiss Rasool, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Weiss Rasool
Defendant

I am Weiss Rasool's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
James W. Hundley
Attorney for Weiss Rasool